David H. Bundy
DAVID H. BUNDY, P.C.
310 K Street, Suite 200
Anchorage, AK 99501
(907) 248-8431
Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In Re: ) | |
| ) | |
| JTS, LLC, ) | Case No. A-15-00167 |
| d/b/a Johnson's Tire Service, ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| _____ ) | |

**DEBTOR'S MOTION PURSUANT TO 11 U.S.C. §§ 105(a) and 363 (b) FOR AUTHORIZATION TO PAY PRE-PETITION WAGES, COMPENSATION AND EMPLOYEE BENEFITS**

JTS, LLC, Debtor and Debtor in Possession (the "Debtor" or "JTS"), pursuant to §§ 105(a) and 363 (b) of Title 11, United States Code (the "Bankruptcy Code"), moves this Court to enter an Order authorizing the Debtor to pay pre-petition wages, compensation and employee benefits. In support, the Debtor relies on the Affidavit of Kelly Gaede in Support of Chapter 11 Petition and First Day Motions, and states as follows.

## JURISDICTION AND VENUE

The Debtor filed a voluntary Chapter 11 petition on June 15, 2015. The Debtor continues to operate its business and manage its properties as debtor in possession pursuant to §§ 1107(a) and 1108.

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue of the Debtor's

Page 1:       Motion to Pay Pre-Petition Wages

chapter 11 case and this motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates of the relief requested herein are Bankruptcy Code §§ 105(a) and 363(b).

## FACTUAL BACKGROUND

The Debtor is an Alaska limited liability company, engaged in the retail sale of automobile tires and equipment, and related services under the name of Johnson's Tire Service. Debtor's main office and store is at 3300 Denali Street in Anchorage and Debtor has additional stores in South Anchorage, Eagle River, Wasilla and Soldotna, Alaska.  Debtor owns its main location; the others are leased. Debtor also owns or leases the necessary office equipment, software, shop machinery and tools to serve customers and manage its business.

The Debtor is in financial difficulties due to a contract dispute arising from the leasing of its newest location, in South Anchorage, and the construction of tenant improvements in that location. This dispute resulted in litigation, H. Watt & Scott, Inc. v. JTS, LLC v. SOLO, LLC, Anchorage Superior Court case no 3AN-13-06220CI. After a trial, the court entered judgments in favor of the landlord, contractor and real estate agent totaling about $600,000.The Debtor lacks the ability to pay this amount in a lump sum and has not been able to reach an agreement to pay the judgment over time. The Debtor filed this bankruptcy case in order to restructure its debts.

## RELIEF REQUESTED

In the ordinary course of business the Debtor incurs payroll obligations to between 80 to 120 employees, depending on the season (the "Employees"). The practice is to pay employees on a semi-monthly cycle, with about half a payroll cycle in

arrears. Payroll is made on the 5th and 20th of each month or on the next preceding business day. A payroll was made on June 4, 2015 and the next is due June 19, 2015, covering the period June 1 through June 15. Each payroll is approximately $100,000. Most full time employees are paid electronically so there should not be any uncleared payroll checks from the June 4 payroll as of the Petition Date. Thus, as of the Petition Date, the Debtor estimates that its net outstanding pre-petition wage and salary obligations aggregated approximately $100,000, and the Debtor seeks to pay this amount post-petition through its regular payroll due to be paid June 19, 2015.

The Debtor does not have any debtor in possession financing arranged. Northrim Bank has an interest in the Debtor's cash collateral, and Debtor expects to reach agreement with Northrim on the use of cash collateral. Continental Tire the Americas LLC, a supplier, has an interest in cash collateral due to its purchase money security interest; there has not been sufficient time to reach a cash collateral agreement with Continental. Debtor estimates that $150,000 of inventory on hand was supplied by Continental; these are all studded snow tires so they will not start being sold for several months; all proceeds of future sales of products supplied by Continental will be segregated pending further other of the Court. Debtor has cash on hand and receives regular income from the sale of products from other sources as well as services, and can pay the pre-petition payroll through its anticipated income. The average gross bi-weekly compensation to an employee is about $1,200, which is well below the priority wage ceiling in 11 U.S.C. § 507(a)(4).

Page 3:       Motion to Pay Pre-Petition Wages

Debtor is also required to (a) withhold from the Employees' payrolls and remit to the appropriate taxing authorities certain federal income, social security and Medicare taxes, and certain Alaska employment security taxes and to (b) contribute the required matching share of social security and Medicare taxes (the "Payroll Tax Obligations"). The Debtor estimates that its total Payroll Tax Obligations on the pre-petition compensation the Debtor is asking for permission to pay totals approximately $15,000, and Debtor seeks approval to pay up to that amount. The Payroll Tax Obligations, if not paid pursuant to this request, will be priority claims against the bankruptcy estate so payment of these obligations will not prejudice other unsecured creditors.

In addition the Debtor estimates that its total obligation for vacation and other compensated personal leave owed to its existing workforce on the Petition Date is $25,000 (including payroll tax liability) and JTS seeks approval to pay these amounts to continuing employees as and when due and to continue offering these benefits on a going-forward basis.  Debtor seeks approval to pay pre-petition accrued personal leave in cash to any departing employee (subject to the priority limit of $12,475, but JTS is not asking for leave to pay any obligation for accrued personal leave which may be owed to any former employees.

As is customary with most large employers the Debtor has established a medical insurance plan for the benefit of its employees in which about 13 employees participate. There no retirement plan. All payments on the medical insurance plan were current as

Page 4:	Motion to Pay Pre-Petition Wages

of the Petition Date and Debtor seeks approval continue this plan post-petition without change.

As a result of the commencement of this case, and in the absence of an order providing otherwise, the Debtor will be prohibited from paying all pre-petition obligations for compensation, taxes, benefits and reimbursement of expenses, as set forth above. Accordingly, and pursuant to §§ 105(a) and 363(b) of the Bankruptcy Code and the "necessity of payment" doctrine, the Debtor seeks authority to (a) pay the pre-petition wages and benefit that become due during the pendency of the Chapter 11 case and (b) to continue its practices, programs and policies with respect to thereto as such practices, programs and policies were in effect as of the Petition Date, including allowing employees to use vacation time accrued but unused as of the Petition Date. The Debtor does not believe that the total compensation and other benefits owed to any single employee exceeds the priority claim limit of $12,475 except for a few employees' accrued vacation time, but the payments to any employee will in any event limited to the priority claim limit.

The Debtor believes that the uninterrupted payment of the pre-petition salary and benefit obligations is critical to the reorganization effort because to interrupt payment to such Employees would severely undermine the support and morale crucial to the Debtor's reorganization effort. Employees are central to the Debtor's operations and are vital to its reorganization. Most of the salaries are below $40,000 annually and it is likely

Page 5:    Motion to Pay Pre-Petition Wages

that many of the employees in this category cannot easily absorb a deferral for many months of a week's or more compensation.

DATED this 16th day of June, 2015.

                DAVID H. BUNDY, P.C.
                Attorney for Debtor

                By: ___/s/ David H. Bundy
                      David H. Bundy

**CERTIFICATE OF SERVICE**
The undersigned hereby certifies that on the 16th day of June, 2015, the foregoing document was served by ECF on

- U. S. Trustee

By___/s/ David H. Bundy_____
      David H. Bundy

Page 6:    Motion to Pay Pre-Petition Wages