David H. Bundy
DAVID H. BUNDY, P.C.
310 K Street, Suite 200
Anchorage, AK 99501
(907) 248-8431
Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In Re: ) | |
| ) | |
| JTS, LLC, ) | Case No. A-15-00167 |
| d/b/a Johnson's Tire Service, ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| _____) | |

**DEBTOR'S MOTION PURSUANT TO 11 U.S.C. §§ 105(a) and 363 (c) FOR INTERIM APPROVAL OF A CASH COLLATERAL AGREEMENT BETWEEN THE DEBTOR AND NORTHRIM BANK**

JTS, LLC, Debtor and Debtor in Possession (the "Debtor" or "JTS"), pursuant to §§ 105(a) and 363 (c) of Title 11, United States Code (the "Bankruptcy Code"), and Rule 4001 (b) Federal Rules of Bankruptcy Procedure, moves this Court for interim approval of a cash collateral agreement between the Debtor and Northrim Bank. In support, the Debtor relies on the Affidavit of Kelly Gaede in Support of Chapter 11 Petition and First Day Motions, and states as follows.

<u>JURISDICTION AND VENUE</u>

The Debtor filed a voluntary Chapter 11 petition on June 5, 2015. The Debtor continues to operate its business and manage its properties as debtor in possession pursuant to §§ 1107(a) and 1108.

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue of the Debtor's

Page 1:        Motion for Approval of Cash Collateral Agreement

chapter 11 case and this motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates of the relief requested herein are Bankruptcy Code §§ 105(a) and 363(b).

## FACTUAL BACKGROUND

The Debtor is an Alaska limited liability company, engaged in the retail sale of automobile tires and equipment, and related services under the name of Johnson's Tire Service. Debtor's main office and store is at 3300 Denali Street in Anchorage and Debtor has additional stores in South Anchorage, Eagle River, Wasilla and Soldotna, Alaska.  Debtor owns its main location; the others are leased. Debtor also owns or leases the necessary office equipment, software, shop machinery and tools to serve customers and manage its business.

The Debtor is in financial difficulties due to business losses in 2014 (mostly because of lack of snowfall) and a contract dispute arising from the leasing of its newest location, in South Anchorage, and the construction of tenant improvements in that location. This dispute resulted in litigation, H. Watt & Scott, Inc. v. JTS, LLC v. SOLO, LLC, Anchorage Superior Court case no 3AN-13-06220CI. After a trial, the court entered judgments in favor of the landlord, contractor and real estate agent totaling about $600,000.The Debtor lacks the ability to pay this amount in a lump sum and has not been able to reach an agreement to pay the judgment over time. The Debtor filed this bankruptcy case in order to restructure its debts.

Debtor's banking arrangements are with Northrim Bank, which is owed approximately $5.3 million secured by deeds of trust on Debtor's office, shop and showroom facilities at 3300 Denali Street, in Anchorage, and by security agreements

covering Debtor's inventory, equipment, accounts, general intangibles and proceeds. In addition to the main loan, Northrim has also provided a line of credit with a current balance of about $1.3 million secured by inventory and receivables. (There is also an SBA loan with a balance of $3.1 million secured by the real estate.) Debtor's current cash on hand is approximately $104,000 all of which is Northrim's cash collateral. Debtor needs to use this money to pay post-petition operating expenses and for inventory purchases as required. Debtor will need to use approximately $340,000 in additional funds generated post-petition to cover to pay its operating expenses in June and its estimated cash needs for July total $700,000.  The monthly budget attached to Kelly Daege's declaration shows that Debtor's budgeted expenses will be about $650,000 in each of June and July; the Debtor's income is seasonal and the summer months are the lowest in revenue and expenses.

## RELIEF REQUESTED

Northrim Bank has agreed to the Debtor's use of cash collateral from the petition date through July 31, 2015, subject to receiving adequate protection in the form a replacement lien on the same collateral acquired post-petition, so its overall collateral position is not diminished.  The replacement lien must be approved by the Court in order to be effective. The Debtor does not have any debtor in possession financing arranged, so without the use of cash collateral the Debtor will be forced to cease operations immediately.

As stated by Kelly Gaede, Continental Tire the Americas LLC, a supplier, has an interest in cash collateral due to its purchase money security interest; there has not been sufficient time to reach a cash collateral agreement with Continental. Debtor

Page 3:	Motion for Approval of Cash Collateral Agreement

estimates that $150,000 of inventory on hand was supplied by Continental; these are all studded snow tires so they will not start being sold for several months; all proceeds of future sales of products supplied by Continental will be segregated pending further other of the Court, so the use of cash collateral pursuant to the agreement with Northrim will not affect Continental Tire's position.

      Therefore, Debtor requests interim approval of the cash collateral agreement with Northrim Bank until a motion for further use can be held on notice as required by Bankruptcy Rule 4001 (c). The proposed cash collateral agreement will be filed with the Court as soon as it is available.

      DATED this 16th day of June, 2015.

DAVID H. BUNDY, P.C.
Attorney for Debtor

By:    /s/ David H. Bundy
      David H. Bundy

**CERTIFICATE OF SERVICE**
The undersigned hereby certifies that on the 16th day of June, 2015, the foregoing document was served by ECF on

- U. S. Trustee

By   /s/ David H. Bundy
    David H. Bundy

Page 4:    Motion for Approval of Cash Collateral Agreement